El Pueblo, Demandante y Apelado, *v.* Compañía Azucarera "El Ejemplo", Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en causa por infracción a la Ley de Pesas y Medidas.

No. 2029.—Resuelto en junio 5, 1923.

*Misdemeanors* Cometidos por Corporaciones—Derecho a Juicio por Jurado.—El objeto de la Ley núm. 84 de 1919, en tanto concierne a *misdemeanors,* es proteger la jurisdicción de las cortes municipales y hacer imperativo el juicio por jurado en los casos en los cuales el fiscal prefiere proceder en la corte de distrito. Pero en los casos contra las corporaciones él no tiene tal elección, por impedirlo el artículo 458 del Código de Enjuiciamiento Criminal; por lo que una corporación procesada por infracción a la Ley de Pesas y Medidas no tiene derecho a juicio por jurado.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. González Fagundo & González, Jr.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La Ley No. 84 aprobada en julio 22, 1919, Leyes de esa Sesión, página 684, prescribe lo siguiente:

"Art. 178.—Cuestiones de hecho en casos de delito grave (felony) y en casos de misdemeanor siempre que originariamente se presentare la acusación en la corte de distrito y fueren también de la competencia de las cortes municipales, habrán de ser juzgadas por el jurado, cuando el acusado o acusados o cualquiera de ellos lo pidiere. Dicha elección deberá notificarse al tribunal cuando se haga la primera lectura de la lista que contenga la causa. Si se hiciere dicha elección ésta se hará constar en el récord; si no se hiciere, se hará constar así en dicho récord, y se considerará que el derecho a ser juzgados por jurado ha prescrito y la causa será juzgada por el tribunal. Sin embargo, si se alegan justas razones, el tribunal podrá conceder el juicio por jurado en cualquier fecha subsiguiente a la lectura de la lista o relación de causas.

"Art. 2   *   *   *."

Esta fué una causa seguida contra una corporación y alega la apelante que el delito en particular podía juzgarse

como un *misdemeanor,* ya en la corte municipal o en la de distrito, y por tanto que tenía derecho a un juicio por jurado. La controversia queda reducida a la cuestión de si esta causa en particular pudo o nó haberse comenzado en una corte municipal. Si no se podía, como no se hace ningún señalamiento de error en el alegato, ni existe ningún otro error que consideremos fundamental, la sentencia debe ser confirmada.

El Capítulo VII del Código de Enjuiciamiento Criminal determina el procedimiento contra las corporaciones. Al hacerse una denuncia contra una corporación un juez debe certificar si existe o nó causa suficiente para creer que la corporación es culpable del delito que se le imputa. Prescribe entonces, el artículo 458 lo siguiente:

''Art. 458.—Si el funcionario pasa una certificación en la que se manifieste que existe causa bastante para creer que la compañía es culpable del delito que se le imputa, el fiscal debe presentar la correspondiente acusación como si se tratare de un individuo particular.''

La apelante, por supuesto, tiene razón al sostener que generalmente una causa por infracción de la Ley de Pesas y Medidas, como ocurre en este caso, es un *misdemeanor* y una en que la jurisdicción es concurrente, pero convenimos con la corte inferior en que el artículo 458, *supra,* exige que el fiscal empiece mediante acusación y que la acusación sólo puede ser presentada en la corte de distrito. El fin de la ley fué evidentemente que los procedimientos contra las corporaciones, que son creaciones artificiales de la ley, son complicados y que un procedimiento criminal solamente debe ser iniciado por el fiscal en la corte de distrito.

Insiste la apelante en que este procedimiento contra las corporaciones fué establecido por leyes anteriores al año 1904 y que en este año la Legislatura confirió jurisdicción a las cortes municipales en todos los casos de *misdemeanor.*

Pero el artículo 458 no fué derogado expresamente y las derogaciones tácitas no son favorecidas. Verdad es que el fiscal en otros casos de *misdemeanors* puede presentar una denuncia en las cortes municipales, y así también podrían hacerlo otras personas, pero el artículo 458 prescribe expresamente que en casos de procesos contra corporaciones el procedimiento debe ser por acusación.

Hemos asumido que una acusación sólo puede ser formulada en una corte de distrito y este es el tenor del artículo 68 del Código de Enjuiciamiento Criminal, el cual es como sigue:

"La acusación es una alegación escrita hecha por un fiscal a un tribunal de distrito, en la cual se imputa a una persona la comisión de un delito público."

La Ley No. 84, aparentemente fué su objeto, en tanto concierne a *misdemeanors,* proteger la jurisdicción de las cortes municipales y hacer imperativo el juicio por jurado en los casos en los cuales el fiscal prefería proceder en la corte de distrito. Pero en los casos contra las corporaciones él no tenía tal elección. No vemos que se haya revelado ninguna intención de conferir un amplio derecho a juicio por jurado en casos de *misdemeanor.*

De todos modos, cuando existen dos preceptos de ley ligeramente incompatibles deben ser interpretados de modo tal que ambos puedan subsistir. No encontramos intención alguna en la ley de 1904 en variar los procedimientos contra las corporaciones y debe, por tanto, confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.